UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

In re: James W. Bryant

    Debtor                                                       CASE NO. 03-38480

                                                                          CHAPTER    7

Order

THIS CORE PROCEEDING[1] comes before the Court on James W. Bryant's ("Debtor") Motion and Memorandum in Support of Relief Sought from Post Discharge Set Off ("Motion"). In the Motion, Debtor argues that his bankruptcy discharge prohibits the Internal Revenue Service ("IRS") from offsetting a prepetition refund with a prepetition liability. For the following reasons, the Motion is denied.

**FACTS**

Debtor and his ex-spouse filed a joint 1997 income tax return on November 16, 1998, which showed a partially unpaid tax liability. On March 3, 1999, the IRS filed a notice of a federal tax lien for the 1997 liability. Debtor, having since divorced, filed an individual tax return in 2000.

On December 9, 2003, Debtor filed a petition for Chapter 7 relief and received his discharge on March 24, 2004. Debtor then filed an individual tax return for 2003 on June 10, 2004, which showed an overpayment of $6,445.

Debtor instituted appropriate administrative action against the IRS to recover the

---

[1] 28 U.S.C. 157(b)(2)(B), (O)

overpayment, which resulted in an appeal to the United States Tax Court. Before that court, the IRS argued it had the right to offset the 2003 overpayment with the 1997 liability. Debtor responded first that any right to offset would have been extinguished by the Chapter 7 discharge, or, in the alternative, that the IRS acted improperly by choosing to offset the overpayment against a tax year other than the one specified by Debtor.

The Tax Court issued an order on June 24, 2008, in which it abstained from deciding the effect of a bankruptcy discharge in order to allow Debtor to file this Motion. The Tax Court retained jurisdiction over the matter and ordered the parties to file status updates regarding the Motion.

Debtor moved to reopen this case on August 15, 2008. On September 24, 2008, Debtor filed this Motion. The IRS responded on October 24, 2008 in opposition to the Motion. Oral arguments were held on October 30, 2008. The Court granted Debtor additional time to reply to the IRS's response. Debtor filed the reply on November 20, 2008, at which time this Court took the matter under submission.

## CONCLUSIONS OF LAW

"The right to setoff (also called "offset") allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding 'the absurdity of making A pay B when B owes A.'" *Citizens Bank v. Strumpf*, 516 U.S. 16, 18 (1995) (quoting *Studley v. Boylston Nat'l Bank*, 229 U.S. 523, 528 (1913)). The IRS has the right "to set-off any existing tax deficiencies against any tax refunds due to the taxpayer." *In re Alexander*, 225 B.R. 145, 147 (Bankr. W.D. Ky. 1998) (citing 26 U.S.C. 6402(a)). Title 11 of the United States Code (the "Bankruptcy Code") does not affect any right of a creditor to offset a prepetition mutual debt

owed by the creditor with a prepetition mutual debt owed by the debtor. 11 U.S.C. 553(a). For all other debts, the discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover, or *offset* any such debt." 11 U.S.C. 524(a)(2) (emphasis added).

Debtor's discharge does not affect the right of the IRS to offset a prepetition liability with a prepetition overpayment. The IRS has that right under non-bankruptcy law, and the Bankruptcy Code specifically preserves that power. "[W]hen the debts are mutual pre- petition debts, a discharge does not bar a party from exercising its set-off rights." *In re Emery*, 379 B.R. 688, 690 (Bankr. W.D. Ky. 2007); *See also In re Eggemeyer*, 75 B.R. 20, 22 (Bankr. S.D. Ill. 1987) ("[T]he discharge of a debt in a bankruptcy proceeding does not affect the creditor's right to setoff, provided that the right to setoff existed at the time the bankruptcy petition was filed."); *In re Conti*, 50 B.R. 142, 149 ("§ 524(a)(2) is not meant to extinguish the right to setoff which is preserved in § 553 of the Code . . . ."). Any overpayment accruing prior to the date of the petition, December 9, 2003, may be offset and is not affected by the discharge.

The discharge bars the IRS from offsetting any postpetition refund it owes to Debtor against a prepetition tax liability Debtor owes it. "It is well settled that a creditor, the IRS, cannot set off a prepetition claim against a postpetition debt to the debtor or the bankruptcy estate." *In re W.L. Jackson Mfg. Co.*, 50 B.R 506, 507 (Bankr. E.D. Tenn. 1985) (citing *Cooper-Jarrett Inc. v. Central Transp. Inc.*, 726 F.2d 93 (3rd Cir. 1984); *Prudential Ins. Co. v. Nelson*, 101 F.2d 441 (6th Cir. 1939). The IRS may not offset overpayments occurring after December 9, 2003 against the 1997 tax liability.

Debtor argues that he should be permitted to amend his schedules in order to claim the

tax refund as exempt property under 11 U.S.C. 522. This Court has previously recognized that "exempt property shall not be liable either *during* or *after* the bankruptcy for a debtor's prepetition debts, including dischargeable tax debts of the nature involved in this case." *Alexander*, 225 B.R. at 151 (emphasis in original).

Debtor may not exempt the refund from being offset because the IRS properly filed a tax lien prepetition. Exempted property is liable for "a debt secured by a lien that is a tax lien, notice of which is properly filed." 11 U.S.C. 522(c)(2)(B). *Alexander* involved a tax liability not secured by a lien, and § 522(c)(2) was inapplicable. *Id.* at 148.

Finally, Debtor argues that the IRS failed to apply the offset to the correct taxable year. This issue is not one of bankruptcy law for which the Tax Court abstained, there is an ongoing appeal in that court on this matter, and that court is a more fitting venue to hear arguments regarding proper IRS procedures. Therefore, in the interest of justice, this Court abstains from deciding this issue in order to allow the matter to proceed in the Tax Court. 28 U.S.C. 1334(c)(1).

## CONCLUSION

The IRS has the right to offset prepetition obligations against prepetition liabilities. This power is not affected by a bankruptcy discharge. The IRS, however, may not use overpayment withheld after the date of the petition, December 9, 2003, in offsetting a prepetition tax liability without violating the discharge injunction. For the foregoing reasons, the Court being otherwise sufficient advised,

IT IS HEREBY ORDERED AND ADJUDGED that Debtor's Motion and Memorandum in Support of Relief Sought from Post Discharge Set Off is DENIED.

-4-

Thomas H. Fulton
United States Bankruptcy Judge

Dated: January 13, 2009